UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH BARTOLONE,

                        Plaintiff,

      v.

DEPUTY DONOVAN and DEPUTY ADAMS,

                        Defendants.
_____

DECISION & ORDER

22-CV-6295EAW

On July 7, 2022, *pro se* plaintiff Joseph Bartolone, who is detained at the Monroe County Jail pending trial, commenced this action against the defendants pursuant to 42 U.S.C. § 1983, alleging that defendants failed to protect him from an assault by another inmate. (Docket ## 1, 7, 11). Currently pending before this Court is plaintiff's motion for appointment of counsel and motion for a court "referral" to JustCause approving appointment of counsel. (Docket ## 16, 19, 20, 21).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

>   3.   Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>   4.   Whether the legal issues involved are complex; and
>
>   5.   Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although plaintiff maintains that he needs assistance from an attorney to help him with "what really needs

2

to happen," especially because another inmate who had been assisting him is no longer at his facility, the legal issues in this case arising from an assault by another inmate and defendants' alleged failure to intervene to protect him – do not appear to be complex.  Moreover, plaintiff's case does not present any other special reasons justifying the assignment of counsel.  Although a subsequent letter from plaintiff states that he "ha[s] some disabilities with things" (Docket # 21), his motion for appointed counsel does not mention any disabilities, nor does the letter identify what disabilities he has or how they affect his ability to litigate this case *pro se*.

Although plaintiff indicates that the JustCause Pro Se Assistance Program will assign an attorney to represent him upon "a referral" from the Court (Docket # 20), appointment of counsel still requires a determination by the Court that assignment is warranted under the legal standard discussed above and an order reflecting that determination.  For the reasons discussed above, the Court finds that appointment of counsel is not justified at this time.

On this record, plaintiff's request for appointment of counsel **(Docket # 16)** and request for "referral" to JustCause **(Docket # 20)** are **DENIED without prejudice** at this time.  It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      August 14, 2023