UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH BARTOLONE,

                                  Plaintiff,

      v.

DEPUTY DONOVAN and DEPUTY ADAMS,

                                  Defendants.
_____

<u>DECISION & ORDER</u>

22-CV-6295EAW

On July 7, 2022, *pro se* plaintiff Joseph Bartolone, who is detained at the Monroe County Jail pending trial, commenced this action against the defendants pursuant to 42 U.S.C. § 1983, alleging that defendants failed to protect him from an assault by another inmate. (Docket ## 1, 7, 11). Currently pending before this Court are plaintiff's motions for appointment of counsel.[1] (Docket ## 24, 25). In his motions, plaintiff maintains that he requires legal assistance because at least a portion of the discovery he received from the defendants was provided electronically on a disc, which he is unable to view within the facility in which he is currently incarcerated. (*Id.*). Additionally, plaintiff maintains that he is having trouble communicating with defendants' counsel via telephone and that he may not be able to comply with the deadlines set forth in this Court's scheduling order. (*Id.*). Finally, plaintiff contends that he suffers from reading comprehension and memory deficits, which impede his ability to litigate this matter *pro se*. (Docket # 25).

---

[1] In his motion, plaintiff demands a jury trial in this matter and contends that defendants are not seeking a jury trial. (Docket # 24). To the contrary, defendants demanded a jury trial in their answer. (Docket # 13).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of

prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, the legal issues in this case arising from an assault by another inmate and defendants' alleged failure to intervene to protect him – do not appear to be complex. Further, consideration of the nature of the factual and legal issues involved in this case, as well as plaintiff's ability to present his claims, also weighs against appointment of counsel.

To date, plaintiff's conduct in prosecuting this matter suggests that he is capable of understanding and handling the litigation. Plaintiff drafted the complaint, sought leave to proceed *in forma pauperis*, participated in a Rule 16 conference, and has repeatedly filed motions requesting the appointment of counsel. (Docket ## 1, 5, 6, 16, 17, 18, 19, 20, 24, 25).

Although plaintiff alleges that he suffers from reading comprehension and memory deficits, he has not otherwise demonstrated that those impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where plaintiff has shown an ability to pursue his claims in this case. *See, e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y.

2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

      Plaintiff indicates that he is unable to review the electronic disc produced by defendants in response to his discovery demands. Accordingly, defendants are directed either to produce the information to plaintiff in a form in which he is able to review it or to make arrangements with the facility in which plaintiff is incarcerated to permit plaintiff to review the contents of the disc they produced. To the extent plaintiff believes that he is unable to comply with any particular deadlines set forth in this Court's June 28, 2023 Scheduling Order (Docket # 17), he should confer with counsel for defendants to determine whether the parties can agree to extensions of the applicable deadlines and send an extension request to the Court identifying the specific deadlines for which he desires an extension. If plaintiff is unable to communicate with defendants' counsel by telephone, he should communicate by letter.

      For the reasons discussed above, the Court finds that appointment of counsel is not justified at this time. On this record, plaintiff's requests for appointment of counsel **(Docket ## 24, 25)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654. As stated above, defendants are directed either to produce information to plaintiff in a form in which he is able to review it or

to make arrangements with the facility in which plaintiff is incarcerated to permit plaintiff to review the contents of the disc they produced.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August 28, 2023